IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,                                          ORDER

       v.                                                 07-91M-X

LOGAN M. DAVIS,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petition for revocation of Logan M. Davis's supervised release was held on June 5, 2008, before United States Magistrate Judge Stephen L. Crocker. The government appeared by Grant Johnson, Assistant United States Attorney. Defendant was present in person and by counsel, Erika L. Bierma. Also present was Senior U.S. Probation Officer William T. Badger, Jr.

From defendant's stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Texas on July 11, 2007, following his conviction for possession of marijuana, a Class A misdemeanor, in violation of 21 U.S.C. § 844. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 97 days, with a one-year term of supervised release to follow. As a mandatory condition of supervised release, defendant was prohibited from possessing or using a controlled substance. Additionally, Standard Condition No. 7 of defendant's

conditions further prohibited him from purchasing, possessing, using, distributing, or administering any controlled substance except as prescribed by a physician.

Defendant began his term of supervised release on September 7, 2007. Jurisdiction was transferred to the Western District of Wisconsin on October 4, 2007.

The defendant stipulates that he violated the mandatory condition and Standard Condition No. 7 which prohibited his possession or use of controlled substances, as evidenced by his admissions that he used marijuana on March 18, 2008, April 2, 2008, April 10, 2008, and May 10, 2008.

Defendant's conduct falls into the category of a Grade B violation. Upon finding a Grade B violation, the guidelines direct that I revoke supervised release, as defined by §7B1.3(a)(1) of the sentencing guidelines policy statement for violations of supervised release. 18 U.S.C. § 3583(g)(1) further requires revocation of supervised release for possession of controlled substances.

Defendant's criminal history category is II. A Grade B violation coupled with a criminal history category of II results in a guideline term of imprisonment of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is one year, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than one year if the offense for which a defendant was sentenced previously was a Class A misdemeanor.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence

is to hold defendant accountable for his violations and to deter him from future criminal acts.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 11, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 30 days. No term of supervised release shall follow. Defendant shall self-surrender by noon on June 27, 2008 to the designated institution. The court recommends that the Bureau of Prisons designate defendant to the Eau Claire County Jail.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 5th day of June 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge